

A CERTIFIED TRUE COPY
ATTEST
By Bonita Bagley on Feb 20, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 20, 2008

FILED
CLERK'S OFFICE

IN RE: PHOENIX LICENSING, L.L.C.,
PATENT LITIGATION

MDL No. 1910

TRANSFER ORDER

    **Before the entire Panel**[*]: Citicorp Credit Services, Inc., Citibank, N.A.; Citibank USA, N.A.; Citibank (South Dakota), N.A.; CitiMortgage, Inc.; Citigroup, Inc.; and Citi Assurance Services, Inc., have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware or, in the alternative, the District of Arizona or the Northern District of Illinois. This litigation currently consists of six actions, three actions in the District of Arizona and one action each in the District of Delaware, the Northern District of Illinois, and the Eastern District of Texas, as listed on Schedule A.[1]

    Responding parties take varying positions on both centralization and transferee district. Supporting centralization in the District of Delaware are the following four defendants in the Eastern District of Texas action: Liberty Life Insurance Co., JPMorgan Chase Bank, N.A., and two Countrywide entities – Countrywide Home Loans, Inc., and Countrywide Insurance Services, Inc. (collectively Countrywide).[2] Supporting centralization in the District of Arizona are Discover Products, Inc., which is the plaintiff in the Northern District of Illinois action and a defendant in the Eastern District of Texas action, and the following eight defendants in the Eastern District of Texas action: Discover Financial Services LLC, Discover Bank, GMAC Mortgage, LLC, GMAC Insurance Marketing, Inc., GMAC Bank, Direct Response Corp., Response Worldwide Insurance Co., and Warner Insurance Co.[3] State Farm Mutual Automobile Insurance Co. and State Farm Bank, F.S.B. (collectively State Farm), which are plaintiffs in two of the three District of Arizona actions and also defendants in the Eastern District of Texas action, support centralization in the District of Arizona, but only with

---

[*]     Judge Heyburn took no part in the disposition of this matter.

[1]     The Panel has been notified of one additional related action, which is pending in the District of Arizona. That action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2]     Liberty Life Insurance Co. supports selection of the District of Arizona, in the alternative. Countrywide's second and third choices are, respectively, the Northern District of Illinois and the District of Arizona.

[3]     The three Discover entities state that, in the alternative, they have no objection to centralization in either the District of Delaware or the Northern District of Illinois.

- 2 -

respect to the Eastern District of Texas action and the two District of Arizona actions, which have now been consolidated, to which they are parties. State Farm takes no position as to the other actions. United Services Automobile Association, plaintiff in one of the District of Arizona actions and a defendant in the Eastern District of Texas action, and USAA Federal Savings Bank and USAA Savings Bank, which are defendants in the Eastern District of Texas action, oppose centralization, but, in the alternative, support selection of the District of Arizona as transferee district. Finally, Phoenix Licensing, L.L.C., and LPL Licensing, L.L.C., which are plaintiffs in the Eastern District of Texas action and defendants in the other five actions, oppose centralization, but support selection of the Eastern District of Texas as transferee district in the alternative.

On the basis of the papers filed and the hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All six actions involve common factual allegations concerning the validity of the same three patents (numbered 5,987,434; 6,076,072; and 6,999,938), which involve apparatuses and methods for the targeted marketing of financial products. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Arizona is an appropriate transferee district for pretrial proceedings in this litigation. Phoenix Licensing, L.L.C., the patent holder, and LPL Licensing, L.L.C., its licensee, have their principal places of business in Arizona; the inventor of the three patents is claimed to be an Arizona resident; and three of the six actions (including the first-filed action) are pending in the District of Arizona.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the three actions listed on Schedule A and pending outside the District of Arizona are transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable Mary H. Murguia for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |