Mark Deatherage (010208)
mmd@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
(602) 530-8500 fax

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE PHOENIX LICENSING, L.L.C. PATENT LITIGATION | MDL Docket No. 08-1910-MHM |
| | ALL CASES |
| | **Joint Status Report** |

## Joint Status Report

In response to the Court's May 6th, 2008 Order (MDL Docket No. 16), the parties submit this joint non-argumentative Status Report and summary of the nature and complexity of the consolidated action, including the information requested by the Court, regarding the status of all member cases.[1]

(1)   *State Farm Mutual Automobile Insurance Company v. LPL Licensing, L.L.C., et al.*, Case No. CV-07-1329 (District of Arizona) ("Arizona Action").[2]

---

[1] Richard Rainey has been designated as the contact liaison attorney for all Defendants with respect to this Joint Status Report, and Richard Rainey's designated colleague Sarah Chickos has approved this Joint Status Report and authorized Plaintiffs' counsel to file it on behalf of all parties.

[2] The Arizona Action includes four consolidated actions: (1) *State Farm Mutual Automobile Insurance Company v. LPL Licensing, L.L.C., et al.*, Case No. CV-07-1329 (District of Arizona) ("Arizona-State Farm Mutual"); (2) *State Farm Bank, F.S.B. v. LPL Licensing, L.L.C., et al.*, Case No. CV-07-01895 (District of Arizona) ("Arizona-State Farm Bank"); (3) *United Services Automobile Association v. LPL Licensing,*

(2) *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage Corporation, et al.*, Case No. 2-07cv-387 (Eastern District of Texas, Marshall Division) ("Texas Action");

(3) *Citicorp Credit Services, Inc. v. LPL Licensing, L.L.C., et al.*, Case No. 07-649-JJF (LPS) (District of Delaware) ("Delaware litigation");

(4) *Discover Products, Inc. v. LPL Licensing, L.L.C., et al.*, Case No. 1:07-CV-05776 (Northern District of Illinois) ("Illinois Action").

**(a)     List of counsel.**

|  | **Administrative liaison counsel** (name, mailing address, e-mail address, telephone number, and fax number of one attorney for each party or related group of parties) |
|---|---|
| *LPL/Phoenix* |  |
| 1. LPL Licensing, L.L.C. ("LPL")<br>2. Phoenix Licensing, L.L.C. ("Phoenix") | Sean A. Luner<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd. Ste 600<br>Santa Monica, California 90401<br>E-mail: sean@dovellaw.com<br>Tel:  310-656-7066<br>Fax:  310-656-7069 |
| *Chase* |  |
| 1. JPMorgan Chase Bank, N.A. | George F. Pappas<br>Covington & Burling LLP<br>1201 Pennsylvania Ave., NW<br>Washington, DC 20004<br>E-mail:  gpappas@cov.com<br>Tel:  202-662-6000<br>Fax:  202-662-6291 |

---

*L.L.C., et al.*, Case No. 2:07-1968 (District of Arizona) ("Arizona-USAA"); and (4) *Direct Response Corporation, et al. v. LPL Licensing, L.L.C., et al.*, Case No. 08-CV-0001 (District of Arizona) ("Arizona-Response").

| | | |
|---|---|---|
| | *Citi* | |
| | 2. Citibank, N.A.<br>3. Citibank USA, N.A.<br>4. Citibank (South Dakota), N.A.<br>5. CitiMortgage, Inc.<br>6. Citigroup, Inc.<br>7. Citi Assurance Services, Inc.<br>8. Citicorp Credit Services, Inc. | Edwin R. DeYoung<br>Locke Lord Bissell & Liddell LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas  75201<br>E-mail:  edeyoung@lockelord.com<br>Tel:  214-740-8000<br>Fax:  2140740-8800 |
| | *Countrywide* | |
| | 9. Countrywide Home Loans, Inc.<br>10. Countrywide Insurance Services, Inc. | Gary J. Fischman<br>Howrey, L.L.P.<br>1111 Louisiana, Suite 2500<br>Houston, Texas 77002<br>E-Mail: fischmang@howrey.com<br>Tel:  713 787 1400<br>Fax:  713 787 1440 |
| | *Discover* | |
| | 11. Discover Financial Services<br>12. Discover Bank<br>13. Discover Products, Inc. | David S. Bloch<br>Winston & Strawn LLP<br>101 California Street, 39th floor<br>San Francisco, CA 94111-5894<br>Email: dbloch@winston.com<br>Tel:  415-591-1452<br>Fax:  415-591-1400 |
| | *GMAC* | |
| | 14. GMAC Mortgage, L.L.C.<br>15. GMAC Insurance Marketing, Inc.<br>16. GMAC Bank | Marc Lorelli<br>Brooks Kushman PC<br>1000 Town Center, 22nd Floor<br>Southfield, MI 48375<br>Email: mlorelli@brookskushman.com<br>Tel:  248-358-4400<br>Fax:  248-358-3351 |
| | *Liberty Life* | |
| | 17. Liberty Life Insurance Company | Lisa C. DeJaco<br>Wyatt, Tarrant & Combs, LLP<br>500 West Jefferson Street, Suite 2800<br>Louisville, Kentucky 40202<br>Email: ldejaco@wyattfirm.com<br>Tel:  502-589-5235<br>Fax:  502-589-0309 |

| | |
|---|---|
| *Response* | |
| 18. Response Worldwide Insurance Company<br>19. Direct Response Corporation<br>20. Warner Insurance Company | William R. Hansen<br>*Pro hac vice*<br>Lathrop & Gage L.C.<br>230 Park Avenue<br>Suite 1847<br>New York, NY 10169<br>Tel: 212-850-6220<br>Fax: 212-850-6221<br><br>Michael Shiaras<br>Robert Mackenzie<br>Junker & Shiaras, P.C.<br>3004 North 68th Street<br>Scottsdale, AZ 85251-6804<br>Tel: 480-505-2600<br>Fax: 480-505-2601 |
| *State Farm* | |
| 21. State Farm Mutual Automobile Insurance Company<br>22. State Farm Bank, F.S.B. | R. William Beard, Jr.<br>BAKER BOTTS L.L.P.<br>1500 San Jacinto Center<br>98 San Jacinto Blvd.<br>Austin, Texas 78701-4287<br>Email: william.beard@bakerbotts.com<br>Tel: (512) 322-2690<br>Fax: (512) 322-8344 |
| *USAA* | |
| 23. USAA Federal Savings Bank<br>24. United Services Automobile Association<br>25. USAA Savings Bank | Rachel Krevans<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Email: rkrevans@mofo.com<br>Tel: 415-268-7000<br>Fax: 415-268-7522 |

**(b)    List of all companies affiliated with the corporate parties:**

1.    LPL and Phoenix have no parents and there is no publicly held corporation that owns 10% or more of either Plaintiff's corporate stock.

2.    JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan

4

Chase & Co.[3]

3.  Citibank, N.A., Citibank (South Dakota), N.A., CitiMortgage, Inc., Citi Assurance Services, Inc., and Citicorp Credit Services, Inc. are wholly-owned subsidiaries of Citigroup, Inc.  Citibank USA, National Association has been merged into Citibank (South Dakota), N.A. and no longer exists as a separate entity.  None of the Citi parties other than Citigroup, Inc. is publicly traded.  Citigroup, Inc. does not have any stockholders with an ownership interest of greater than 10%.

4.  Countrywide Financial Corp., a publicly traded company, is the parent corporation of party Countrywide Home Loans, Inc. and Balboa Insurance Group, Inc. Countrywide Insurance Services, Inc. is a wholly owned subsidiary of Balboa Insurance Group, Inc.  Countrywide Financial Corp. owns more than 10% of the stock of Countrywide Home Loans, Inc. and Balboa Insurance Group, Inc.

5.  Publicly-traded Discover Financial Services wholly owns DFS Services LLC (formerly Discover Financial Services Inc.) and Discover Bank, which in turn wholly owns Discover Products, Inc.

6.  GMAC Mortgage, L.L.C., GMAC Insurance Marketing, Inc., and GMAC Bank are subsidiaries of GMAC LLC (formerly known as General Motors Acceptance Corporation).  GMAC LLC is a Delaware limited liability company, 49% of which is owned by General Motors Corporation, a company whose stock is publicly traded on the New York Stock Exchange.  The remaining 51% is owned by FIM Holdings LLC, a privately held entity.

7.  Liberty Life Insurance Company is a wholly-owned subsidiary of RBC Insurance Holdings (USA) Inc., a Delaware corporation, which is an indirect, wholly-

---

[3] Chase Manhattan Mortgage Corporation ("CMMC") was named as a defendant in *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage Corporation, et al.*, Case No. 2-07cv-387 (Eastern District of Texas, Marshall Division), but LPL and Phoenix filed a Notice of Dismissal (Docket No. 132) dismissing their claims against CMMC on January 11, 2008.

5

owned subsidiary of Royal Bank of Canada and is publicly traded on the New York Stock Exchange and Toronto Stock Exchange. No person or entity owns 10% or more of Royal Bank of Canada's Stock.

8. Direct Response Corporation is a Delaware corporation with no parent corporation and no publicly held corporation owning 10% or more of its stock. Warner Insurance Company is a Connecticut corporation whose parent corporation is Direct Response Corporation. Response Worldwide Insurance Company is a Connecticut corporation whose ultimate corporate parent is Direct Response Corporation.[4]

9. State Farm Mutual Automobile Insurance Company is not a publicly traded company, it has no parent, and no publicly held corporation owns 10% or more of its corporate stock. State Farm Bank, F.S.B. is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company.

10. USAA Federal Savings Bank is a wholly-owned subsidiary of United Services Automobile Association, which is a reciprocal inter insurance exchange. USAA Savings Bank is a wholly-owned subsidiary of party USAA Federal Savings Bank.

**(c)    Statement of the nature and complexity of the case.**

This MDL proceeding involves a patent infringement action by Phoenix and LPL (collectively, "Plaintiffs"), and related counterclaims and separate actions for declaratory judgment by the other parties (collectively, "Defendants"). Three patents are in dispute – United States Patent Nos. 5,987,434 (the "'434 Patent"), 6,076,072 (the "'072 Patent"), and 6,999,938 (the "'938 Patent") (collectively, the "patents-in-suit").[5] The patents-in-suit are owned by Phoenix and licensed to LPL. The patents-in-suit are

---

[4] Response Worldwide Insurance Company denied personal jurisdiction and venue in the Eastern District of Texas.

[5] Plaintiffs have not alleged infringement of all claims of each of the three patents-in-suit against each party.

6

alleged to relate to technologies that allow companies, such as financial service institutions, to perform marketing by automatically preparing client communications relating to financial products and services to the appropriate customers.  All Defendants deny infringement and claim that the patents-in-suit are invalid.

The '434 Patent includes 160 claims, the '072 Patent includes 134 claims, and the '938 Patent includes 312 claims.  None of these claims have been construed by any court.   Plaintiffs have not yet identified which claims are being asserted against which Defendants or which products.  One of the three patents-in-suit,  the '434 Patent, had been involved in a reexamination proceeding before the United States Patent & Trademark Office ("Patent Office") which resulted in the Patent Office confirming the 160 claims of the '434 Patent.  The '434 Patent is currently involved in a second reexamination proceeding before the Patent Office, which recently issued an Office Action rejecting all of the claims of the '434 Patent.

The initial lawsuit relating to these patents was filed by State Farm in the District of Arizona.  Subsequently, Plaintiffs brought patent infringement claims relating to the three patents-in-suit in the Eastern District of Texas.   Several entities related to the Texas defendants then filed declaratory judgment actions in the Northern District of Illinois, the District of Delaware, and the District of Arizona.

The <u>claims</u> by Plaintiffs involved are:

      1.     Patent infringement of the '434 Patent;

      2.     Patent infringement of the '072 Patent;

      3.     Patent infringement of the '938 Patent.

Plaintiffs believe that paragraph 15(c) of the Court's May 6, 2008 Order, instructing the parties to briefly describe "every claim pending in the complaint, counterclaim, or cross-claim," refers to the causes of action being asserted (*e.g.*, patent infringement action), not the individual claims of the patents-at-issue being asserted.  If the Court was referencing the claims of the patents-at-issue rather than the causes of

7

action, this would require the parties to briefly describe each patent claim, which Plaintiffs do not believe was the Court's intent. Plaintiffs believe that they should identify the patent claims being asserted as set forth in the proposed schedule.

Defendants believe that, pursuant to paragraph 15(c) of the Court's May 6, 2008, Order, Plaintiffs should identify all allegedly infringing products or instrumentalities and all claims allegedly infringed by each such product or instrumentality. Defendants also believe that, in light of the fact that over 500 claims are potentially in suit, the Court should issue an Order limiting the number of claims Plaintiffs may assert.

The <u>counterclaims and declaratory judgment claims</u> by Defendants are:

1. Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of the '434 Patent;
2. Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of the '072 Patent;
3. Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of the '938 Patent.

**(d)   Legal issues concerning pretrial and pending motions**:

***Arizona Action***

1. <u>Docket No. 10 (Arizona-State Farm Mutual):  Plaintiffs' Motion to Dismiss</u>. In this motion, Plaintiffs moved to dismiss the Complaint for lack of subject matter jurisdiction. In response, State Farm Mutual opposed this motion (Docket No. 16 (Arizona-State Farm Mutual)).

2. <u>Docket No. 6 (Arizona-State Farm Bank):  Plaintiffs' Motion to Dismiss</u>. In this motion, Plaintiffs moved to dismiss the Complaint for lack of subject matter jurisdiction. In response, State Farm Bank opposed this motion (Docket No. 11 (Arizona-State Farm Bank)).

8

3. <u>Docket No. 13 (Arizona-USAA):  Plaintiffs' Motion to Dismiss</u>:

In this motion, Plaintiffs moved to dismiss the Complaint for lack of subject matter jurisdiction and the first to file rule.   In response, USAA opposed this motion (Docket No. 41 (Arizona-State Farm Mutual)).

4. <u>Docket No. 22 (Arizona-Response):  Plaintiffs' Motion to Dismiss</u>:

In this motion, Plaintiffs moved to dismiss Response's declaratory judgment action in the District of Arizona for lack of subject matter jurisdiction and the first to file rule.  Further action on this motion is stayed pending the scheduling conference in the consolidated litigation.

### *Texas Action*

Discover, USAA, State Farm, GMAC, and Response each filed a motion to transfer and/or to dismiss the Texas Action (Docket Nos. 63, 68, 71, 119, and 124). CMMC filed a motion to dismiss the Texas Action (Docket No. 129).

1. <u>Docket No. 63:  Discover parties' Motion to Dismiss or to Transfer or Stay</u>:

In this motion, DFS Services LLC and Discover Bank argue that the Texas Action should be dismissed or transferred based on the first-to-file rule.  In response, Plaintiffs opposed the motion (Docket No. 83).  Based on the MDL Order, Discover believes that this matter should be litigated in the District of Arizona, and at the appropriate time will renew its motion on that basis.

2. <u>Docket No. 68:  USAA parties' Motion to Transfer to the District of Arizona</u>:

In this motion, USAA argues that the Texas Action should be dismissed or transferred base on the first-to-file rule and Section 1404(a). In response, Plaintiffs opposed the motion (Docket No. 102) on the grounds that (1) elements required for the proper application of the first-to-file-rule were not met in this case, and (2) convenience and public interest factors considered under Section 1404(a) do not favor a transfer.

9

3. <u>Docket No. 71:  State Farm parties' Motion to Sever and Transfer Venue</u>:

   In this motion, State Farm argues that the Texas Action should be dismissed or transferred base on the first-to-file rule. In response, Plaintiffs opposed the motion (Docket No. 99) on the grounds that elements required for the proper application of the first-file-rule were not met in this case.

4. <u>Docket No. 119:  GMAC parties' Motion to Dismiss or Transfer for Improper Venue</u>:

   In this motion, GMAC argues that the Texas Action should be dismissed or transferred based on the first-to-file rule and Section 1404(a).  In response, Plaintiffs opposed the motion (Docket No. 123) on the grounds that elements required for the proper application of the first-file-rule were not met in this case.  GMAC maintains that the District of Arizona is the proper forum, and may renew this motion as appropriate.

5. <u>Docket No. 124:  Response parties' Motion to Transfer or Stay</u>:

   In this motion, Response argues that the Texas Action should be dismissed or transferred based on the first-to-file rule and in the interests of justice and witness convenience.[6]  In response, Plaintiffs opposed the motion (Docket No. 131) on the grounds that elements required for the proper application of the first-file-rule were not met in this case. Response maintains that the District of Arizona is the proper forum, and may renew this motion as appropriate.

6. <u>Docket No. 129:  Defendant Chase Manhattan Mortgage Corporation's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m)</u>.:

---

[6] Response also moved in the alternative for the court to stay further action pending the outcome of the then-pending Motion to Consolidate before the Judicial Panel on Multidistrict Litigation.

10

In this motion, CMMC argued that the claims against it should be dismissed because Plaintiffs failed to serve CMMC within the allotted period.  CMMC does not intend to refile this motion because it was mooted by Plaintiffs' Notice of Dismissal (Docket No. 132) dismissing their claims against CMMC on January 11, 2008.

### *Delaware Action*

1. <u>Docket No. 9 and 10:  Motion to Dismiss and Opening Brief in Support of Consolidated Motion to Dismiss Defendants LPL Licensing and Phoenix Licensing</u>:

   In the Delaware Action, which was filed by Citicorp Credit Services, Inc., Plaintiffs filed a Consolidated Motion to Dismiss based on (i) the first-to-file rule, (ii) subject matter and personal jurisdiction challenges, and (iii) the Declaratory Judgment Act.  Citicorp Credit Services, Inc. opposes the motion.  (Docket No. 17).

### *Illinois Action*

1. <u>Docket No. 16:  Plaintiffs' Motion to Dismiss</u>:

   In this motion, Plaintiffs moved to dismiss the Complaint for lack of subject matter jurisdiction (Docket Nos. 16 and 17).  Response to this motion by Discover was stayed pending the MDL ruling (Docket No. 19).

**Contemplated pretrial motions**:

i. <u>Plaintiffs</u>:  Plaintiffs anticipate refiling the various motions to dismiss as identified in section (e) below.  Plaintiffs contemplate a claim construction motion to construe the claims of the patents at issue.

11

    ii.  <u>Defendants</u>:  Defendants contemplate filing the following motions:

      (A) A motion to stay the entire case until the USPTO has completed its reexamination of the '434 Patent;

      (B) As the case develops, and as Plaintiffs identify the accused products and the asserted claims of the patents-in-suit, one or more of the Defendants may file dispositive motions as appropriate;

      (C) One or more of the Defendants are expected to move to amend the pleadings, including to assert that all of the patents-in-suit are unenforceable for inequitable conduct.

**(e)** **<u>Current Procedural Status</u>**

*<u>Arizona Action</u>*

Plaintiffs moved to dismiss the Complaints for lack of subject matter jurisdiction (Docket Nos. 10 (Arizona-State Farm Mutual), 6 (Arizona-State Farm Bank), and 13 (Arizona-USAA)).  These motions had not been ruled on prior to the MDL transfer.  Plaintiffs anticipate refiling these motions pursuant to paragraphs 3 and 7 of the Court's May 6th Order.

*<u>Texas Action</u>*

As of the MDL transfer, all Defendants have answered the Texas Complaint, with the exception of the Discover parties, who filed a Motion to Dismiss in place of an answer to the Texas Complaint.  Many of the Defendants have filed counterclaims in the Texas Action or have separate declaratory judgment actions pending.  Plaintiffs have replied to the Defendants' counterclaims and have moved to dismiss all pending declaratory judgment actions.  No pending motions had been decided prior to the MDL transfer.

*Delaware Action*

Plaintiffs moved to dismiss the Complaint based on (a) lack of subject matter jurisdiction, (b) the first to-file-rule, (c) lack of personal jurisdiction (*See* Docket Nos. 9 and 10) which had not been decided prior to the MDL transfer. Plaintiffs anticipate refiling these motions pursuant to paragraphs 3 and 7 of the Court's May 6th Order.

*Illinois Action*

Plaintiffs moved to dismiss the Complaint for (a) lack of subject matter jurisdiction, and (b) the first to file rule (Docket Nos. 16 and 17) which was stayed pending the MDL transfer. Plaintiffs anticipate refiling these motions pursuant to paragraphs 3 and 7 of the Court's May 6th Order.

\* \* \*

There have been no material procedural or substantive rulings previously made by the transferor Courts in any of the member actions.

**(f)   Current Discovery Status**

As of the MDL transfer:

- there has not been any discovery accomplished;
- all discovery remains to be initiated;
- there are no discovery problems currently pending;
- there are no procedures in place for sharing discovery; and
- there is no protective order in place regarding confidential information.

**(g)   Proposed Pretrial Scheduling Deadlines**

Defendants believe that, in light of the recent action by the Patent Office rejecting all of the claims of the '434 Patent, the patent to which the other two patents-in-suit claim priority, all pretrial deadlines should be stayed pending the Patent Office's completion of its reexamination proceeding. Defendants also believe that when pretrial proceedings do commence, those proceedings should be staged, with the first stage focused on the issues common to all parties (such as claim construction and invalidity

13

contentions), with the second stage focused on the individualized infringement issues related to each separate Defendant.

Plaintiffs are opposed to these positions. If the Court decides not to stay this action or not to stage the pretrial proceedings as proposed by the Defendants, then the parties propose the following schedule:

| Date | Event |
|---|---|
| September 15, 2008 | Disclosure of Asserted Claims and Infringement Contentions due.[7]<br><br>Last date to join additional parties.<br><br>Last date to add new patents. |
| September 15, 2008 | Initial Disclosures Due |
| November 15, 2008 | Initial Invalidity Contentions due.<br>Fact discovery opens.<br>Last date to file proposed protective order. |
| December 1, 2008 | Last day to amend pleadings without leave of court. Last date to add any inequitable conduct allegations to pleadings without leave of court.[8] |
| December 1, 2008 | Exchange Proposed Terms and Claim Elements for Construction.[9] |
| December 22, 2008 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |

---

[7] Defendants propose that Plaintiffs are limited to asserting no more than 10 claims per patent. Plaintiffs oppose this restriction.

[8] Defendants propose these dates as June 12, 2009 (last day to amend pleadings) and July 31, 2009 (last date to add inequitable conduct allegations to pleadings).

[9] Defendants propose that no more than 6 terms per patent to be construed by the Court.

| | | |
|---|---|---|
| 1 2 | January 16, 2009 | Filing of Joint Claim Construction and Prehearing Statement. |
| 3 4 5 6 7 | February 13, 2009 | Last date to furnish documents pertaining to willful infringement.<br>Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 8 9 10 | February 27, 2009 | The parties claiming patent infringement shall serve and file an opening brief and any evidence supporting their claim construction. |
| 11 12 | March 27, 2009 | Responsive brief and supporting evidence due to parties claiming patent infringement. |
| 13 14 | April 10, 2009 | Reply brief and supporting evidence due regarding response to claim construction. |
| 15 16 | May 1, 2009 | *Markman* hearing. |
| 17 18 | July 31, 2009 | Fact discovery closes. |
| 19 20 21 | 40 days after *Markman* order | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.<br>Deadline for amending infringement and invalidity contentions. |
| 22 23 24 | 70 days after *Markman* order | Parties designate rebuttal expert witnesses (non-construction issues).  Rebuttal expert witness reports due. |
| 25 26 | 100 days after *Markman* order | Expert discovery closes. |

27
28

15

| | |
|---|---|
| 130 days after Markman order | Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) due. |
| 160 days after Markman order | Response to Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) due. |

**(h)   Settlement negotiations**

Informal settlement negotiations have occurred between the Plaintiff and the following Defendants: the Countrywide parties, Liberty Life Insurance Company, the Response parties, the GMAC parties, and the USAA parties.  The prospects for settlement are currently uncertain.

**(i)   Additional items to be included in the Initial Scheduling Conference**

**Joint issues:**

1. What limits should be imposed on the amount of discovery?
2. Does the Court desire a technology tutorial separate from the *Markman* process?
3. Should the scheduling order include preliminary disclosure requirements regarding infringement contentions followed by invalidity contentions, as well as provisions regarding the finality of such contentions?
4. Should the scheduling order include deadlines for exchange of claim interpretation positions in advance of any *Markman* hearing?
5. What information must the parties include in their preliminary infringement and invalidity contentions?
6. Should the parties be permitted to amend their infringement and invalidity contentions?  What procedure must be followed for such amendments?

**Plaintiffs' issues:**

1. Should the Defendants designate a single liaison counsel?
2. If the Plaintiffs' motions to dismiss the Arizona, Delaware, and Illinois Actions are granted, leaving only one member action in this MDL, what will be the effect on the MDL proceedings?

16

**Defendants' issues:**

1. Should this action be stayed during the U.S. Patent and Trademark Office's reexamination of the '434 Patent?

2. Should discovery be staged, with discovery on issues common to all parties (*i.e.*, claim construction and validity) preceding the individualized discovery necessary with regards to allegedly infringing acts of each separate Defendant?

3. Should the scheduling order include deadlines for limiting the number of asserted claims?

4. Should the Court retain a special master or technical advisor?

5. Should the standard Case Management Order be amended (at ¶ 3) to allow for more than one motion for summary judgment per party without leave?

DATED this 11th day of June.

          **GALLAGHER & KENNEDY, P.A.**

          By: s/Mark Deatherage***
            Mark Deatherage
            2575 East Camelback Road
            Phoenix, Arizona 85016-9225

            Sean A. Luner
            Dovel & Luner, LLP
            201 Santa Monica Blvd., Suite 600
            Santa Monica, CA 90401

***Richard Rainey has been designated as the contact liaison attorney for all Defendants with respect to this Joint Status Report, and Richard Rainey's designated colleague Sarah Chickos has approved this Joint Status Report and authorized it to be filed on behalf of all parties.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all attorneys on the record.

 /s/ Carolyn Sullivan

1844704